IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN PENNSYLVANIA

| | | |
|---|---|---|
| JIM BURGUNDER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-01295 RCM |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | *Electronically Filed* |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## UNITED SPECIALTY INSURANCE COMPANY'S LOCAL RULE 56 STATEMENT OF MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56(B)(1), Defendant, United Specialty Insurance Company, (hereinafter "USIC"), by and through its counsel Dickie, McCamey & Chilcote, P.C., Robert J. Marino, Esquire and J. David Ziegler, Esquire, submits the following statement of material facts, which Plaintiff, Jim Burgunder cannot dispute.  USIC relies on deposition transcripts, depositions exhibits, and other materials, the relevant portions of which are attached to the Appendix filed herewith.

1.      Plaintiff, Jim Burgunder, is an individual resident of the Township of Hopewell, County of Beaver, Commonwealth of Pennsylvania, residing at 2144 Broadhead Road. (Amended Compl., Doc. 10)

2.      Defendant, United Specialty Insurance Company ("USIC"), is a Delaware Corporation with its principal place of business at 1900 L. Donald Dodson Drive, Bedford, Texas 76021.

3.      On October 13, 2006, Mr. Burgunder entered into a land-installment contract with James Quinn relating to the purchase of 116 New York Avenue, Rochester, Pennsylvania

(hereinafter the "Property"). (Installment Land Contract attached to Appendix as **Exhibit A**)

4.      The purchase price of the Property was listed as $155,000.  *Id.*

5.      By deed dated April 8, 2013, James Quinn and his former spouse conveyed the property located at 116 New York Avenue, Rochester, Pennsylvania to Mr. Burgunder. (Indenture, attached to Appendix as **Exhibit B**)

6.      The price listed on the deed was $135,000.  *Id.*

7.      On April 1, 2017, the retaining walls located on the south side of Building 1 and the south and west side of Building 2 failed causing the earth behind the wall to move.  (Doc. 10, ¶8)

8.      Buildings 1 and 2 were condemned and subsequently demolished. (Doc. 10, ¶14; *see also* Demolition Permit and Certificate of Demolition attached to the Appendix as **Exhibit J**, Burgunder 007-010) .

9.      Prior to April 1, 2017, USIC issued a Commercial Lines Policy to Jim Burgunder at Policy Number USA 413010 effective June 3, 2016 to June 3, 2017 and providing property coverage for Building 1 and Building 2 located on the Property.  (USIC Policy attached to the Appendix as **Exhibit C**)

10.     Property insurance coverage under the USIC Policy is governed by the Causes of Loss – Special Form contained therein.  (Ex. C, 01462 - 01471)

11.     The relevant section of the Causes of Loss – Special Form relating to coverage under the USIC Policy states: "A. Covered Causes of Loss - When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy." (Ex. C, USIC 01462)

12.     The USIC Commercial Property Coverage Part Declarations for the USIC Policy contains "Special Form excluding theft" in the declarations for Building 1 and Building 2.  (Ex. C, Policy Declarations, USIC 01437)

13.     The USIC Policy will provide coverage for direct physical loss unless the loss is excluded or limited by the policy. (Ex. C, USIC 01462)

14.     The USIC Policy contains the following exclusion relevant to earth movement:

**B.  Exclusions**

    1.  We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

       ***

    **b.  Earth Movement**

       ***

       (4) Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions including contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.

       But if Earth Movement, as described in b.(1) through (4) above results in fire or explosion, we will pay for the loss or damage caused by that fire or explosion.

(Ex. C, USIC 01462)

15.     The USIC Policy also contains the following exclusion:

    3.      We will not pay for loss or damages caused by or resulting from any of the following, 3.a. through 3.c. But if any excluded cause of loss that is listed in 3.a. through 3.c. results in Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

***

c.  Faulty, inadequate or defective:

  (1)  Planning, zoning, development, surveying, silting;

  (2)  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

  (3)  Materials used in repair, construction, renovation or remodeling or

  (4)  Maintenance;

of part or all of any property on or off the described premises.

(Ex. C, USIC 01465)

16.    The USIC Policy also provides coverage for an "abrupt collapse" under certain circumstances.  (Ex. C, USIC 01468, § D)

17.    The pertinent policy section defines abrupt collapse as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." *Id.* at § D.1.

18.    The collapse provision is triggered under four specific scenarios:

  2.  We will pay for direct physical loss or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if such collapse is caused by one or more of the following:

    a.  Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

    b.  Insect or vermin damage that is hidden from view, unless the presence of such damage is known to an insured prior to collapse;

    c.  Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs during the course of the construction, remodeling or renovation.

    d.  Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs after the

construction, remodeling or renovation is complete, but only if the collapse is caused in part by:

(1) A cause of loss listed in 2.a or 2.b;

(2) One or more of the "specified causes of loss";

(3) Breakage of building glass;

(4) Weight of people or personal property; or

(5) Weight of rain that collects on a roof.

(Ex. C, USIC 01468, § D.2)

19.     The Policy also contains an exclusion for governmental action, which provides as follows:

**B.  Exclusions**

1.  We will not pay for loss or damage cause directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    ***

    **c.  Governmental Action**

    Seizure or destruction of property by order of governmental authority.

    But we will pay for loss or damage caused by or resulting from acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread, if the fire would be covered under this Coverage Part.

(Ex. C, USIC 01462-63)

20.     The amount of Property Damage Coverage available for Building 1 and Building 2 is $300,000, and $50,000, respectively.  (Doc. 10)

21.     On Monday, April 3, 2018, Plaintiff reported the loss. On April 4, 2017, USIC assigned Daniel Green to handle the claim. (Dep. of Daniel Green, p. 32, lines 5-6, attached to the Appendix as **Exhibit D**)

22.     Immediately after receiving the claim, Mr. Green sent a request to an independent adjusting ("IA") firm to have an adjuster inspect the Property.  (Ex. D, p. 41, lines 12-18; *see also*, letter from Green to Plaintiff dated 4/4/2017 attached to the Appendix as **Exhibit E**, USIC 01689-01690)

23.     Mr. Green then called Plaintiff and left a voicemail message indicating that an IA firm had been retained to inspect the Property Loss. (Activity Log on 4/4/2017 attached to the Appendix as **Exhibit F**, USIC 00001)

24.     Mr. Green sent a letter dated April 4, 2017 to Plaintiff acknowledging the claim and advising that Erik Swanson from VeriClaim was hired to inspect the damaged property to help USIC determine the scope of the damage and what coverage may apply to the loss. (Ex. E)

25.     On April 6, 2017, Erik Swanson inspected the Property. (Ex. F, USIC 00001)

26.     On April 7, 2017, Mr. Swanson called Mr. Green to discuss his inspection. *Id.*

27.     During that conversation Mr. Green learned that none of the property owners were taking ownership of the wall that failed. (Ex. D, p. 44, lines 9-10)

28.      The wall at issue was not attached to anything and it gave way, along with all the earth behind it, allegedly damaging the insured's building.  *Id.* at lines 10-12.

29.      As the result of this conversation, Mr. Green authorized Mr. Swanson to retain an engineer to further evaluate the cause of the loss. *Id.* at lines 14-17.

30.     Mr. Green also sent a Partial Denial of Coverage and Reservation of Rights letter based on the fact that the USIC Policy did not provide Business Income coverage nor did it

provide coverage for retaining walls that are not part of a building. (Partial Denial of Coverage and Reservation of Rights letter, attached to the Appendix as **Exhibit G**, USIC 01684-01685)

31.    Mr. Green advised that USIC retained an engineer to assist with the determination of causation and damages, which was necessary to determine coverage under the Policy. *Id*.

*32.*    In the letter Mr. Green reserved USIC's right to disclaim coverage under the Policy based upon, inter alia, the earth exclusion contained therein. *Id.*

33.    At the request of USIC, on April 12, 2017, Robert L. Smith, P.E., inspected the Property to evaluate the cause of the retaining wall collapse near the Property and, thereafter on April 25, 2017, Mr. Smith authored a report outlining his investigation and conclusions.  (Smith Report, attached to the Appendix as **Exhibit H**)

34.    A summary of Mr. Smith's conclusion are as follows:

a.  The retaining walls at-issue ("walls") were not designed properly to retain the lateral forces of the earth. Design flaws were a cause for the collapse.

b.  The walls were not constructed in accordance with accepted standards. Construction flaws were a cause of the collapse.

c.  The walls were not maintained properly, which contributed to the collapse.

d.  Weather was not the cause of the collapse.

*Id.*

35.    On May 8, 2017, after receiving the engineering expert's conclusion, Mr. Green issued a declination of coverage letter based upon Mr. Smith's conclusion that the loss was caused by the lateral forces of the earth coupled with the walls' inadequate design, construction and maintenance, and therefore, coverage was excluded under the USIC Policy. (Declination of Coverage letter dated May 8, 2017, attached to the Appendix as **Exhibit I**)

36.     On April 2, 2018, Richard A. Bragg, Ph.D., P.E., authored a report at the request of Plaintiff and obtained his opinions relating to causation.  (Doc. 35)

37.     In his report, Mr. Bragg stated the following:  Mr. Smith concludes that the retaining walls involved in the failure were not properly designed, constructed and maintained. He also opined that design flaws and construction flaws were a cause of the failure; as was the inadequate maintenance of the walls.  I concur with those opinions. (Doc. 35, p. 4)

WHEREFORE, Defendant, United Specialty Insurance Company, respectfully requests this Honorable Court to grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's action, with prejudice.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.


By:____/s/ J. David Ziegler_____
        Robert J. Marino, Esquire
        Pa. I. D. No. 30284
        J. David Ziegler, Esquire
        Pa. I.D. No. 92882

Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
412-281-7272

Counsel for Defendant,
United Specialty Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 12th day of April 2018, the foregoing to Local Rule 56 Statement of Material Facts Dismiss Count II of Plaintiff's Complaint was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

DICKIE, McCAMEY & CHILCOTE, P.C.


By:___/s/ J. David Ziegler_____
        J. David Ziegler, Esquire

Two PPG Place, Suite 400
Pittsburgh, PA 15222
412-281-7272

Counsel for Defendant,
United Specialty Insurance Company

7093225.1